**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARTI KELMER, On Behalf of Herself and )<br>All Others Similarly Situated,                )<br>                                                            )<br>                  **Plaintiff,**                      )<br>                                                            )<br>vs.                                                       )<br>                                                            )<br>DFS   SERVICES   LLC;   DISCOVER )<br>FINANCIAL SERVICES, INC.; DISCOVER )<br>BANK; and MORGAN STANLEY,       )<br>                                                            )<br>                  **Defendants.**                   ) | CIVIL NO.  10-050-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff filed a class action complaint asserting statutory fraud under the Illinois Consumer

Fraud and Deceptive Business Practices Act "as well as the Deceptive Trade Practices of certain

other states" and unjust enrichment (*see* Doc. 2).  The Court, on its own motion, has reviewed the

complaint to determine whether it has subject matter jurisdiction.  Under Federal Rule of Civil

Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*.  *See Hammes*

*v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty

to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874

F.2d 1177, 1181 (7th Cir. 1989).  In light of Seventh Circuit Court of Appeals opinions, *see, e.g.,*

*Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber*

*Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980

F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of

complaints to ensure that jurisdiction has been properly pleaded.

As an initial matter, the Court notes that one paragraph, in particular, appears to have been taken from a complaint in another case.  The Court is unsure whether there is a statute of limitations argument to be made in this case.  However, it is quite clear that at least some of the contents of Paragraph 26 – specifically, the allegation that "Plaintiff and the Class Members could not reasonably have discovered the unlawful marketing tactics or the defective nature of the Class Telephones marketed and sold by the Defendant" – is inapplicable to this case involving fees for debt payment protection.  This allegation does not affect the Court's jurisdiction.  The Court merely brings this likely scrivener's error to Plaintiff's (counsel's) attention.

Plaintiff claims that jurisdiction is proper under 28 U.S.C. § 1332(d), the amendments made to the diversity of citizenship statute for class actions by the Class Action Fairness Act of 2005. Plaintiff's allegation that Defendant DFS Services LLC is a limited liability company whose sole member is Defendant Discover Financial Services, Inc., and identification of the citizenship of the sole member is insufficient to establish the citizenship of the LLC.  Contrary to well-settled law in non-class cases, § 1332(d)(10) provides:  "For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *Cf. Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (limited liability companies are citizens of every state of which any member is a citizen).  Plaintiff has not properly established the citizenship of Defendant DFS Services LLC.  The Court notes that allegations based upon information and belief are insufficient to establish subject matter jurisdiction. *America's Best Inns*, 980 F.2d at 1074.

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992).  Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file **on or before February 22, 2010**, an Amendment to the Class Action Complaint to identify the citizenship of DFS Services LLC under 28 U.S.C. § 1332(d)(10).[1]  If Plaintiff fails to file an Amendment to the Class Action Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction.  *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co.*, 350 F.3d at 692 ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED:  02/08/2010

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1]The Court finds Plaintiff's allegations sufficient to establish the citizenship of the other parties and the amount in controversy requirement.