IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARTI KELMER, DON DESTEPHANO, TAMMY R. MARSH, and RENEE WALKER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DFS SERVICES LLC, DISCOVER FINANCIAL SERVICES, DISCOVER BANK, and MORGAN STANLEY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL NO. 10-050-GPM<br>)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiffs filed this putative class action in January 2010 and filed a second amended complaint in March 2010. Defendants DFS Services LLC, Discover Financial Services, and Discover Bank (collectively, Discover Defendants) filed their answer on April 21, 2010. In June, Discover Defendants filed a motion to compel arbitration. Defendant Morgan Stanley was served, but before its answer was due, Plaintiffs filed a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1), dismissing without prejudice their claims against Morgan Stanley. Plaintiffs also filed a motion to voluntarily dismiss without prejudice their claims against Discover Defendants. Discover Defendants contest the motion for voluntary dismissal.

As a preliminary matter, a Notice of Voluntary Dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon filing and does not require judicial approval. Such notice having been

filed, the Clerk of Court is **DIRECTED** to terminate Morgan Stanley as a party in this action.

Discover Defendants object to Plaintiffs' motion for voluntary dismissal because they would rather litigate here, where they believe Plaintiffs will be compelled to arbitrate their claims, rather than in other venues where similar claims are pending. Alternatively, Discover Defendants argue that if Plaintiffs are allowed to dismiss their claims without prejudice, they should be ordered to pay reasonable attorneys fees and costs. In reply, Plaintiffs argue that Discover Defendants are not prejudiced by the dismissal because the resources expended thus far in defending this action have been used already and will be used in the future defending similar actions in other courts.

Federal Rule of Civil Procedure 41(a)(2) provides that after a defendant has filed an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss her case without prejudice "only by court order, on terms that the court considers proper." The law is well settled that the dismissal of a plaintiff's action without prejudice under Rule 41(a)(2) is within the sound discretion of the district court. *Federal Deposit Ins. Corp. v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992). In exercising its discretion, a court must determine whether the defendant will suffer "plain legal prejudice" as the result of a dismissal without prejudice. *Id*. Certain factors to consider in determining whether a defendant will suffer "plain legal prejudice" are the "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id*. As set forth above, the language of Rule 41(a)(2) provides that dismissal may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice the defendant may otherwise suffer from the plaintiff dismissing her complaint

without prejudice. *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). "As a general rule, an award of reasonable attorneys' fees, less any fees for work that may be utilized in subsequent litigation of the same claim, is an entirely appropriate condition of dismissal. … This condition, however, like any other term and condition of dismissal under Rule 41(a)(2)," is within the discretion of the district court. *Id.* at 306 (internal citation omitted).

The Court, in its discretion, finds that Discover Defendants will not suffer plain legal prejudice as a result of a dismissal without prejudice. *See Knostman*, 966 F.2d at 1142. While they have expended some effort and expense in defending the claims, such work may be utilized in related litigation pending elsewhere. In fact, it appears that much of the work Discover Defendants completed in this case already was used to defend similar claims filed in the United States District Court for the Eastern District of Missouri. Notably, no Defendant has filed a motion for summary judgment. Plaintiffs are not dismissing this action for purposes of delay nor have they failed to prosecute their case; rather, their strategy apparently has changed, and they wish to pursue their claims in another venue. The Court finds this to be a sufficient explanation to allow dismissal without prejudice under Rule 41(a)(2).

With respect to the imposition of attorneys fees and costs, Discover Defendants rely on the following language from the Seventh Circuit Court of Appeals' opinion in *Marlow*:

> Typically, a court imposes as a term and condition of dismissal that a plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorneys' fees. … As we have previously observed, such terms and conditions are the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again.

19 F.3d at 303 (citations omitted). Of course, this quote must be read in context with the previously quoted language taken from the same case regarding the exclusion of fees for work that may be

utilized in subsequent litigation of the same claim. *Id*. at 306. This is not the case where a plaintiff who, after doing nothing to prepare her case, dismisses it on the eve of trial. Having fully considered this matter, the Court finds that an award of fees and costs is not appropriate in this case.

For the foregoing reasons, Plaintiffs' motion for voluntary dismissal without prejudice (Doc. 30) is **GRANTED**. This entire action having been dismissed without prejudice, the Clerk of Court is **DIRECTED** to close this case on the Court's docket. **The parties shall bear their own costs.** The hearing scheduled for August 9, 2010, on the motion to compel arbitration is **cancelled**.

**IT IS SO ORDERED.**

DATED: 08/03/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge